# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

        Plaintiff,      Case No. 15-cr-20040

v.                              Judith E. Levy
                                United States District Judge

Gregory A. Johnson,

                                Mag. Judge Elizabeth A. Stafford
        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO VACATE HIS SENTENCE [201]

**I.    Background**

This case is before the Court on defendant Gregory A. Johnson's motion to vacate his criminal sentence pursuant to 28 U.S.C. § 2255. Defendant plead guilty to Counts One and Three of a three count indictment. Count One charged defendant with conspiracy to possess with intent to distribute 1,000 kg or more of marijuana, 18 U.S.C. §§ 841(b)(1)(A)(vii), 846, and Count Three charged defendant with conspiracy to launder monetary instruments. 18 U.S.C. §§ 2, 1956(a)(1)(A)(i), (B)(i)-(ii), 1957. The charge in Count One carried with it

a mandatory minimum sentence of 10 years imprisonment. Defendant challenges this sentence.

Defendant contends that his sentence should be vacated because his counsel's performance was so deficient as to violate his Sixth Amendment right to effective assistance of counsel. Specifically, he argues that his counsel erred by failing to object to the Court's decision to rely on the pre-sentence report to determine the relevant conduct for sentencing and failing to object to the drug amount used to calculate his base level offense. Defendant claims that, had these issues been properly challenged, he would have received a lesser sentence. Defendant seeks an evidentiary hearing to further prove his claims.

**II.    Analysis**

To make a claim for ineffective assistance of counsel, a defendant must show that counsel's assistance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 672 (1984). This standard requires the defendant to show that counsel's representation fell below an objective standard of reasonableness and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland,* 466 U.S. at 694).

Here, regardless of whether counsel's performance was constitutionally sufficient, defendant cannot show "a reasonable probability" that the result of the proceeding would have been different had counsel performed better. Defendant pleaded guilty to Count One of the indictment, which charged him with conspiracy to possess with intent to distribute more than 1,000 kg of marijuana. At his plea hearing, defendant waived his Fifth Amendment right against self-incrimination, affirmed that he had no complaints about counsel's performance, and stated under oath that he participated in a conspiracy to distribute 1,000 kg of marijuana. Defendant did not qualify, nor does he argue that he did qualify, for a departure from the statutory mandatory minimum. At sentencing, the Court was bound by a statutory mandatory minimum of 120 months imprisonment. *See* 18 U.S.C. §§ 841(b)(1)(A)(vii) ("any person who violates [ ] this section shall be sentenced as follows: In the case of a violation of [ ] this section involving . . . 1000 kilograms or more of a mixture or substance containing a detectable amount of marihuana . . .

such person shall be sentenced to a term of imprisonment which may not be less than 10 years").

Regardless of what the guidelines recommended, the Court could not have sentenced Defendant below the 120 month mandatory minimum. *See Neal v. United States*, 516 U.S. 284, 294 (1996) (citing U.S.S.G. § 5G1.1(b)) (holding that "where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence," and that "the statute controls if they conflict"). For that reason, there is no "reasonable probability" that more effective counsel would have achieved a different result.

Accordingly, defendant's motion to vacate his sentence and for an evidentiary hearing is DENIED.

IT IS SO ORDERED.

Dated: August 30, 2018             s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 30, 2018.

s/Shawna Burns<br>
SHAWNA BURNS<br>
Case Manager