# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

          Plaintiff,      Case No. 15-cr-20040-03

v.                              Judith E. Levy
                              United States District Judge

Gregory A. Johnson,

                              Mag. Judge Elizabeth A. Stafford
          Defendant.

_____/

## OPINION AND ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY [211]

### I. Background

On November 14, 2016, petitioner Gregory Johnson entered into a Rule 11 plea agreement. (Dkt. 113.) Petitioner pleaded guilty to Counts One and Three in the indictment. Count One, conspiracy to possess with intent to distribute a controlled substance, specifically, 1,0000 kilograms or more of a substance containing a detectable amount of marijuana, has a mandatory minimum penalty of 120 months' imprisonment. Count Three, conspiracy to launder money instruments, has a maximum

penalty of twenty years and a fine. Petitioner was sentenced on April 6, 2017, to the mandatory minimum of 120 months. (Dkt. 166 at 2.)

On April 6, 2018, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Dkt. 201). Motions brought under § 2255 must challenge the constitutionality of the sentence. *United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1991). "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Petitioner argues that his sentence should be vacated because his counsel's performance was so deficient as to violate his Sixth Amendment right to effective assistance of counsel. (*Id.*) Specifically, he argued that his counsel erred by failing to object to the amount of illegal substance used to calculate his base level offense under the sentencing guidelines. (*Id.*) If the illegal substance amount had been properly challenged before sentencing, he argues, he would have received a lesser sentence.

The Court denied petitioner's § 2255 motion to vacate on August 30, 2018. (Dkt. 206.) Petitioner expressly adopted the amount of the illegal

substances in his Rule 11 plea agreement. His mandatory 120-month minimum sentence flowed from the drug quantity he voluntary adopted in his Rule 11 plea agreement. Thus, without reaching the question of petitioner's counsel's performance, petitioner could not show a reasonable probability that the result of the sentencing proceeding would have been different had counsel performed better.

Petitioner now moves for a Certificate of Appealability ("COA").[1] (Dkt. 211.) In this motion, petitioner argues his counsel should have objected to inaccurate information contained in his pre-sentence report, specifically, the amount of drugs seized by law enforcement. He argues that the Court should have held an evidentiary hearing on his level of participation and the scope of his involvement in the conspiracy before sentencing. Finally, he argues that but for his counsel's failure to object to the quantity of 10,000 kg or more of marijuana, he would not have had a mandatory 120-month sentence. For the reasons set forth below, this argument is not persuasive.

## II. Applicable Law

---

[1] The motion was entered on October 26, 2018 (Dkt. 211), thus petitioner timely filed his motion within the 60-day appeal period from the denial of a § 2255 motion. *See* FED. R. APP. P. 4(a)(1)(B).

3

Under § 2253(c)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there can be no appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1), *and see* Fed. R. App. P. 22(b) (". . . in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice, or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c).").

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "substantial showing of the denial of a constitutional right" standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). Thus where, as here,[2] the district court rejected a § 2255(c) movant's constitutional claims on the merits,

---

[2] The Court denied petitioner's motion on its merits. (Dkt. 208.) Specifically, the Court ruled that petitioner's argument that his counsel should have argued a lower base level punishment during sentencing, where the sentence imposed was mandatory under a Rule 11 plea agreement, was futile.

4

the showing required to satisfy issue a COA is straightforward: "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.

## III. Discussion

Petitioner's motion for a COA (Dkt. 211) is denied. Where the underlying § 2255 motion was denied on its merits, the petitioner must make a substantial showing that he was denied a constitutional right. *Miller-El*, 537 U.S. at 336. The threshold question in this determination is whether reasonable jurists would find the district court's assessment of the claims debatable or wrong. *Id.* at 337. Petitioner has failed to advance any arguments in his motion for COA showing the Court's assessment of his § 2255 motion was debatable or wrong. Nor could a reasonable jurist find that the Court's mandatory sentence was debatable or wrong. Thus, petitioner did not meet the threshold substantial showing of the denial of a constitutional right required under § 2253(c)(2) and a COA will not issue.

## IV. Conclusion

For the reasons set forth above, the Court DENIES the Motion for Certificate of Appealability.

IT IS SO ORDERED.

Dated: December 20, 2018　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2018.

　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　Case Manager