UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 15-20040

v.                                  Judith E. Levy
                                  United States District Judge

Gregory A. Johnson,

                                  Mag. Judge Elizabeth A.
                Defendant.    Stafford

_____/

**OPINION AND ORDER DENYING
MOTION FOR HOME CONFINEMENT [254]
AND MOTION TO MODIFY SENTENCE [255]**

Before the Court are Defendant Gregory A. Johnson's motion for home confinement (ECF No. 254) and motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 255). A motion to modify a sentence under § 3582(c)(1)(A) is commonly referred to as a motion for compassionate release. The Government opposes both motions. (ECF No. 262.) For the following reasons, both of Defendant's motions are DENIED.

I. **Background**

On April 6, 2017, this Court entered judgment after Defendant pleaded guilty to conspiracy to distribute and to possess with intent to distribute over 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vii) (Count 1) and conspiracy to launder monetary instruments in violation 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i)–(ii), 1957 (Count 3). (ECF No. 166, PageID.1942.) The Court sentenced Defendant to 120 months on Count 1 and Count 3 to run concurrently. (*Id.* at PageID.1943.)

Defendant began serving his sentence on July 8, 2017 and is currently incarcerated at Federal Correctional Institution (FCI) Loretto in Loretto, Pennsylvania. (ECF No. 262, PageID.4467.) His current release date, including projected good conduct time credit, is February 7, 2026. (ECF No. 262-2, PageID.4499.)

Defendant's May 18, 2020 motion for home confinement and August 8, 2020 motion for compassionate release were received by the Clerk on September 10, 2020, and were docketed on September 14, 2020. (*See* ECF Nos. 254, 255.) On September 16, 2020, the Court ordered the

Government to respond (ECF No. 257), which it did on October 6, 2020 (ECF No. 262).

## II. Home Confinement

Defendant first seeks an order granting him home confinement. The decision to transfer an inmate to home confinement is a matter within the sole discretion of the Bureau of Prisons (BOP), *see* 18 U.S.C. § 3624(c)(2), and is not subject to judicial review under the Administrative Procedure Act, *see* 18 U.S.C. § 3625.

Although the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) expanded BOP's authority to place a prisoner in home confinement, it did not grant courts the authority to review placement decisions. *See* Pub. L. No. 116-136, § 12003(b)(2) (Mar. 27, 2020); *see also United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) ("[T]he authority to grant home confinement remains solely with the Attorney General."); *United States v. Amarrah*, 458 F. Supp. 3d 611, 620 (E.D. Mich. 2020) ("The Court . . . does not have statutory authority to order that Defendant's current sentence[] be modified to home confinement.").

3

Accordingly, because the Court does not have the authority to grant Defendant's requested relief, Defendant's motion for home confinement is denied.[1] (ECF No. 254.)

### III. Compassionate Release

Defendant also seeks compassionate release and a modification of his sentence under 18 U.S.C. § 3582(c)(1)(A). The relevant portion of the statute provides that:

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set

---

[1] The United States refers to Defendant's motion for home confinement as "unartful." (*See* ECF No. 262, PageID.4475–4476.) Defendant, acting on his own behalf and without the assistance of counsel, wrote a motion that was detailed, concise, easy to read, and attempted to address what he believed to be the relevant factors at issue. In the Court's view, Defendant's efforts were quite artful given the recent changes to this area of law under both the CARES Act and the First Step Act.

4

> forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c). There are two key questions of law in compassionate release cases: 1) whether defendant has satisfied the statutory exhaustion requirement and 2) "whether extraordinary and compelling reasons, as well as the defendant's own history and characteristics, warrant a reduction of the defendant's sentence." *Amarrah*, 458 F. Supp. 3d at 615 (citing 18 U.S.C. § 3582(c)).

## A. Exhaustion

The Sixth Circuit has determined that exhaustion under § 3582(c) is a "mandatory condition" when "properly invoked" by the Government. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). As such, the Court may not review a defendant's compassionate release motion "unless the defendant has either 1) completed the BOP administrative release request process; or 2) waited to file a motion in federal court until 30 days after the BOP warden received the administrative request." *United States v. Goston*, No. 15-20694, 2020 WL 5993235, at *1 (E.D. Mich. Oct. 9, 2020) (citing *Alam*, 960 F.3d at 833–34).

5

Here, Defendant filed his initial request for compassionate release with the warden of FCI Loretto on May 14, 2020 (ECF No. 262-3), and it was denied on May 28, 2020 (ECF No. 262-4). Defendant then filed his motion for compassionate release on August 8, 2020. (ECF No. 255.) The Government subsequently invoked exhaustion in its opposition to Defendant's motion. (*See* ECF No. 262, PageID.4463, 4479–4484.) The record is unclear on when the warden *received* Defendant's request. Regardless, Defendant has met the second prong of the exhaustion requirement because his August 8 motion was filed more than 30 days after the warden's May 28 response. *See Alam*, 960 F.3d at 834 ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.")

The Government nevertheless argues that Defendant has not satisfied the exhaustion requirement because the basis for this motion does not mirror his request to BOP. (*See* ECF No. 262, PageID.4468, 4482–4483.)

In his request to the warden, Defendant selected "Request based on Incapacitation of a Spouse . . . where you are the only available

6

caretaker" under question 1. (ECF No. 262-3.) In describing his extraordinary or compelling circumstances under question 2, Defendant detailed the demands on his wife, a healthcare worker, due to the pandemic and the need for childcare for his minor children and grandchildren. (*Id.*) However, Defendant also explained that "COVID-19 is a deadly pathogen and I am afraid of contracting [it] in these close quarters abating social distancing." (*Id.*) This last statement is entirely consistent with Defendant's motion, which focuses on his general concerns about contracting COVID-19 and his inability to follow social distancing guidelines while in custody. (*See* ECF No. 255, PageID.4433–4436.) That the warden failed to respond to this particular contention in the administrative request does not defeat Defendant's motion. (*See* ECF No. 262, PageID.4482–4483; ECF No. 262-4.)

Moreover, this argument from the Government highlights an issue related to BOP's processing of requests for compassionate release. Question 1 of FCI Loretto's compassionate release form directs individuals to select a single category for their request: (1) "Terminal Medical Condition," (2) "Debilitated Medical Condition," (3) "Elderly non-medical," (4) "Elderly Inmates over 65 with Medical Conditions," (5)

7

"inmates age 65 or older who have served the greater of 10 years or 75% of the term of imprisonment," (6) "Death or Incapacitation of the Family Member Caregiver," or (7) "Incapacitation of a Spouse or Registered Partner." (ECF No. 262-3.) As the Court has noted previously in the context of FCI Fort Dix's compassionate release form, "[n]owhere on this . . . form is the 'catch all' 'extraordinary and compelling reasons' compassionate release category under which most detainees have been released during the COVID-19 pandemic." *Goston*, 2020 WL 5993235, at *1. The Court is similarly concerned here that FCI Loretto's form "could deter qualified people from applying for compassionate release by misleading them into thinking—incorrectly—that they need be terminally ill in order to even request administrative release." *Id.* However, the issue is not dispositive in this case.

Accordingly, the Court finds that Defendant has met the exhaustion requirement and will proceed to the merits of his motion.

### B. Extraordinary and Compelling Circumstances

In order to grant a motion for compassionate release, the Court must analyze three substantive components: "1) whether extraordinary and compelling reasons warrant a reduction in sentence, as described by

8

the United States Sentencing Commission; 2) whether the § 3553(a) factors . . . render the reduction inappropriate; and 3) whether Defendant would be a danger to the public." *United States v. Agomuoh*, No. 16-20196, 2020 WL 2526113, at *7 (E.D. Mich. May 18, 2020); *see also United States v. Ruffin*, No. 20-5748, 2020 WL 6268582, at *3–4 (6th Cir. Oct. 26, 2020).

Defendant's motion and medical records do not demonstrate extraordinary and compelling reasons for compassionate release. "The United States Sentencing Guidelines define 'extraordinary and compelling reasons' as 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *Goston*, 2020 WL 5993235, at *2 (quoting U.S.S.G. § 1B1.13 n.1(A)). Within the context of the COVID-19 pandemic, a "[d]efendant must show that he has underlying medical conditions that increase his risk of a dire outcome from COVID-19." *United States v. Gandy*, No. 15-20338, 2020 WL 4592904, at *4 (E.D. Mich. Aug. 11, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

9

The Court acknowledges that incarcerated individuals like Defendant face an increased risk of contracting COVID-19 due to the conditions of their confinement. *See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention [CDC] (Oct. 21, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html [https://perma.cc/Y7ZP-DEME]. However, Defendant is not one of those most at risk for severe illness. Defendant's motion and medical records do not indicate any underlying medical condition—such as cancer, a serious heart condition, COPD, obesity, or sickle cell disease—that place him at an increased risk of severe illness. *See People with Certain Medical Conditions*, CDC (Oct. 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/MUG4-FDCG]. Moreover, his records do not reveal any conditions—such as moderate to severe asthma, hypertension, liver

disease, or Type 1 diabetes—that may place him "at an increased risk for severe illness."[2] *Id.*

Accordingly, Defendant has not established extraordinary and compelling reasons for compassionate release, and the Court need not analyze the two remaining substantive components. Should Defendant's condition change, he may renew his motion with the Court after satisfying the statute's exhaustion requirement.

### IV. Conclusion

For the reasons set forth above, Defendant's motion for home confinement (ECF No. 254) is DENIED and Defendant's motion for compassionate release (ECF No. 255) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 29, 2020       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

---

[2] Defendant's medical records do indicate that he had "significant elevated liver enzymes" when he first arrived at FCI McKean. (ECF No.263-4, PageID.4577.) The treating provider indicated that this may have been caused by Defendant's heavy consumption of alcohol in the week prior to incarceration. (*Id.*) Subsequent records show that these liver enzymes "return[ed] to normal levels since patient no longer has access to alcohol." (*Id.* at PageID.4576.) Otherwise, Defendant has a history of constipation and low back pain and currently suffers from anxiety disorder, adjustment disorder, severe cannabis use disorder, and a knee sprain. (*See* ECF No. 263-1, PageID.4524.)

11

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
